1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DONELL GLEN STETLER, | ) | 1:07cv0123 DLB |
| | ) | |
| | ) | |
| Plaintiff, | ) | ORDER DENYING GREENPOINT'S MOTION |
| | ) | TO DISMISS WITHOUT PREJUDICE |
| | ) | (Document 14) |
| v. | ) | |
| | ) | ORDER REQUIRING PLAINTIFF TO SUBMIT |
| GREENPOINT MORTGAGE FUNDING | ) | SECOND AMENDED COMPLAINT |
| INC., PATRICK MITCHELL, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

17       Defendant Greenpoint Mortgage Funding, Inc. ("Greenpoint") filed the instant motion to

18  dismiss on June 25, 2007.  The matter was heard on August 17, 2007, before the Honorable

19  Dennis L. Beck, United States Magistrate Judge.[1]  Randall Rumph appeared on behalf of Plaintiff

20  Donell Glen Stetler ("Plaintiff").  Ted Buell appeared on behalf of Greenpoint.

21                                **BACKGROUND**

22       Plaintiff filed the instant complaint on January 22, 2007.  He names Greenpoint and

23  Patrick Mitchell ("Mitchell") as Defendants and alleges causes of action under the Real Estate

24  Settlement Procedure Act ("REPSA"), 12 U.S.C. § 2601, et seq.

25       Plaintiff filed a first amended complaint ("FAC") on March 28, 2007.  Plaintiff borrowed

26  funds from Greenpoint on January 26, 2006, pursuant to two loan agreements secured by

27  _____

28       [1] The parties consented to the jurisdiction of the Magistrate Judge for all purposes, including trial, and the
     case was reassigned to the undersigned on May 31, 2007.

1

1   residential real property.  The transactions at issue took place in Kern County, and the loans are

2   secured by property located in Kern County.  In the first cause of action for violation of the

3   REPSA Antikickback provision, 12 U.S.C. § 2607, Plaintiff alleges that Greenpoint paid

4   Mitchell "a fee, kickback or thing of value related to making the loans."  In the second cause of

5   action, Plaintiff alleges that Mitchell breached his fiduciary duties by failing to inform Plaintiff

6   that he was obtaining money from Greenpoint, failing to inform Plaintiff that the loan was a

7   reverse amortization loan or that the payments increased, informing Plaintiff that the loans were

8   used on all his properties, and informing him that they were the best deal.  In the third cause of

9   action for constructive fraud, Plaintiff alleges that Mitchell intentionally failed to disclose that he

10   was receiving funds from escrow by Greenpoint and that the loan was a reverse amoritization

11   loan.  In the fourth cause of action for violation of the California Unfair Trade Practices Act,

12   Plaintiff alleges that the required settlement statement failed to disclose that Mitchell would be

13   receiving funds from escrow.  Plaintiff seeks statutory, exemplary and punitive damages as well

14   as attorneys' fees and costs.

15       Defendant Mitchell filed his answer on May 10, 2007.

16       On June 25, 2007, Greenpoint filed the instant motion to dismiss the FAC.  Although

17   Greenpoint moves to dismiss itself from all causes of action, Plaintiff states in his July 10, 2007,

18   opposition that Greenpoint is only named in the first cause of action.  Greenpoint filed its reply

19   on August 10, 2007.

20                              **DISCUSSION**

21   A.     Legal Standard

22       Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim may

23   be granted if the cause of action lacks a cognizable legal theory or there is an absence of

24   sufficient facts alleged under a cognizable legal theory.  Balistreri v. Pacifica Police Dept., 901

25   F.2d 696, 699 (9th Cir. 1990).  In considering a motion to dismiss for failure to state a claim, the

26   court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex

27   Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to

28   the party opposing the motion, and resolve all doubts in the pleader's favor.  Jenkins v.

1    McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), Parks School of Business, Inc.

2    v. Symington, 51 F.3d 1480 1484 (9th Cir. 1995).  A motion to dismiss for failure to state a

3    claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts

4    in support of the claim that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S.

5    69, 73 (1984)(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt

6    Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

7        Greenpoint's motion to dismiss is based on its argument that the only allegation against

8    it, that it violated REPSA by "paying Mitchell a fee, kickback, or thing of value relating to the

9    making of the Loans," is a vague, ambiguous and conclusory allegation that fails to state a claim

10    against it.  FAC, at 2.

11        While Greenpoint titles its motion as a motion to dismiss, it actually seeks a more definite

12    statement and confirmed as much as the hearing.  Although Plaintiff argues that the FAC is

13    compliant with Federal Rule of Civil Procedure 8, the single, conclusory allegation does not

14    provide sufficient information to provide Greenpoint with the facts and circumstances of the

15    events at issue.

16        Accordingly, the Court DENIES Greenpoint's motion to dismiss without prejudice but

17    ORDERS Plaintiff to file Second Amended Complaint providing a more definite statement as to

18    the First Cause of Action within fifteen (15) days of the date of service of this order.

19        IT IS SO ORDERED.

20    **Dated:**    **August 27, 2007**           **/s/ Dennis L. Beck**
                                     UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28