# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DONELL GLEN STETLER, | ) | 1:07cv0123 DLB |
| | ) | |
| Plaintiff, | ) ) ) | ORDER ON PLAINTIFF'S OBJECTIONS TO DEFENDANT MITCHELL'S BILL OF COSTS |
| v. | ) | |
| GREENPOINT MORTGAGE FUNDING INC., PATRICK MITCHELL, | ) ) | |
| Defendants. | ) ) | |

On January 23, 2008, the Court granted Defendant Patrick Mitchell's Motion for Summary Judgment. On January 29, 2008, Defendant Mitchell submitted a Bill of Costs. Based on the attached documentation, Defendant Mitchell requests a total of $2,025.58 in costs and expenses.

Plaintiff Donell Glen Stetler ("Plaintiff") filed his objections to the Bill of Costs on February 7, 2008. He objects to counsel's request for reimbursement for travel to Bakersfield. Although Plaintiff does not specify the amount he disputes, it appears from the itemization submitted with the Bill of Costs that Defendant Mitchell's counsel requests $112.60 for travel-related expenses.

1

**DISCUSSION**

Fed.R.Civ.P 54(d)(1) states:

> "Except when express provision therefore is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

Fed.R.Civ.P. Rule 54(d)(1). The types of costs that may be awarded under Rule 54(d) are limited to those enumerated in 28 U.S.C. §1920. In pertinent part, 28 U.S.C. §1920 states:

A judge or clerk of any court of the United states may tax as costs the following:

(1) Fees of the clerk or marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts . . .

District courts have broad discretion in determining whether and to what extent prevailing parties may be awarded costs. *See, e.g., Barber v. Ruth*, 7 F.3d 636, 644 (7th Cir.1993).

After reviewing Defendant Mitchell's Bill of Costs and Plaintiff's objections, the Court finds that Defendant Mitchell is not entitled to recover costs for travel ($112.60) and legal research ($7.32). See *Sorbo v. United Parcel Service*, 432 F.3d 1169 (10th Cir. 2005); *Wahl v. Carrier Mfg. Co., Inc.*, 1975, 511 F.2d 209 (7th Cir. 1975).

Accordingly, costs are taxed in the total amount of $1905.66.

IT IS SO ORDERED.

Dated:   **March 7, 2008**                           /s/ **Dennis L. Beck**
                                                                UNITED STATES MAGISTRATE JUDGE