# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONELL GLEN STETLER,           ) | 1:07cv0123 DLB |
| ) | |
| ) | ORDER GRANTING DEFENDANT |
| Plaintiff,           ) | MITCHELL'S MOTION FOR |
| ) | ATTORNEYS' FEES |
| v.           ) | |
| ) | (Document 46) |
| GREENPOINT MORTGAGE FUNDING  ) | |
| INC., PATRICK MITCHELL,           ) | |
| ) | |
| ) | |
| ) | |
| Defendants.           ) | |
| ) | |

Defendant Patrick Mitchell filed the instant motion for attorneys' fees on February 13, 2008. The motion was heard on March 7, 2008, before the Honorable Dennis L. Beck, United States Magistrate Judge. Gary Huss appeared on behalf of Defendant Mitchell. There was no appearance at the hearing on behalf of Plaintiff Donell Glen Stetler ("Plaintiff").[1]

---

[1] Randy Rumph, counsel for Plaintiff, called the Clerk's Office of this Court a few minutes after the 9:00 a.m. hearing began. He indicated that he believed that opposing counsel was setting up a conference call for a telephonic appearance and that he did not know how to contact chambers. Neither party informed the Court, however, that they wished to appear by phone for this matter. Mr. Rumph is directed to Section VII of the July 2, 2007, Scheduling Conference Order, which states:

> Counsel may appear and argue non-dispositive motions by telephone, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk **no later than five (5) court days before the noticed hearing date.** In the event that more than one attorney requests to appear by telephone then it shall be the obligation of the moving part(ies) to arrange and originate a conference call to the court.

1

**BACKGROUND**

Plaintiff filed the instant complaint on January 22, 2007, naming Greenpoint Mortgage Funding, Inc. ("Greenpoint") and Patrick Mitchell as Defendants. Plaintiff alleged causes of action pursuant to the Real Estate Settlement Procedure Act ("REPSA"), 12 U.S.C. § 2601, et seq., and California law.

On September 11, 2007, Plaintiff filed a second amended complaint ("SAC"). The First Cause of Action was alleged against both Defendant Mitchell and Greenpoint, and alleged violation of REPSA's Antikickback provision, 12 U.S.C. § 2607. The remaining causes of action were alleged only against Defendant Mitchell and included breach of fiduciary duty, constructive fraud, and violation of the California Unfair Trade Practices Act. Plaintiff requested statutory, exemplary and punitive damages as well as attorneys' fees and costs.

On January 23, 2008, the Court granted Mr. Mitchell's motion for summary judgment. The Court specifically found that the YSPs did not violate RESPA, that Mr. Mitchell did not owe a fiduciary duty to Plaintiff, that the issues identified by Plaintiff were fully disclosed, and that the Good Faith Estimate did not violate RESPA. On March 7, 2008, the Court granted Greenpoint's motion for summary judgment based on law of the case.

Defendant Mitchell filed the instant motion for attorneys fees pursuant to 12 U.S.C. § 2607(d)(5), on February 13, 2008.[2] Plaintiff opposed the motion on February 29, 2008. Defendant Mitchell filed his reply on March 4, 2008.

**DISCUSSION**

Defendant Mitchell seeks an award of attorneys' fees under RESPA, 12 U.S.C. § 2607(d)(5), which provides:

> (5) In any private action brought pursuant to this subsection, the court may award to the prevailing party the court costs of the action together with reasonable attorneys fees.

In <u>Lane v. Residential Funding Corp.</u>, 323 F.3d 739 (9th Cir. 2003), the Ninth Circuit reviewed the district court's denial of attorneys' fees pursuant to 12 U.S.C. § 2607(d)(5). There,

---

[2] By order dated March 7, 2008, the Court granted costs to Defendant Mitchell in the amount of $1905.66.

1  Chicago Title moved for fees after a grant of summary judgment in its favor. The district court
2  denied the request, finding that Chicago Title was not a "prevailing party" pursuant to 12 U.S.C.
3  § 2607(d)(5). The Ninth Circuit affirmed the district court's application of the Christianburg
4  standard, Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978), under which successful
5  defendants are only entitled to fees where the plaintiff's action is found to be frivolous,
6  unreasonable, or without foundation. The court therefore held that Chicago Title was not a
7  prevailing party within the meaning of the RESPA attorney fee provision since the borrower's
8  claims were not frivolous, unreasonable or without foundation.

9       Defendant Mitchell urges the Court to characterize Plaintiff's action as frivolous,
10 unreasonable and without foundation. In this regard, the contends that Plaintiff's claims were
11 contradicted by the documentary evidence. He believes that Plaintiff ignored the documents he
12 signed and, without any evidence, "fabricated this lawsuit and subjected Patrick Mitchell to it for
13 the better part of a year at considerable expense." Motion, at 3.

14      The Court agrees. Despite the documentary evidence demonstrating otherwise, Plaintiff
15 continues to argue that his claim was not frivolous. He relies mostly on the Declaration of Irma
16 Doerfler, submitted in opposition to Defendant Mitchell's motion for summary judgment, in
17 arguing that Defendant Mitchell violated RESPA. Yet as this Court previously explained, Ms.
18 Doerfler's belief is untenable given the facts before the Court. Insofar as Plaintiff attempts to
19 rely on the declaration of his expert, submitted for the first time in opposition to Greenpoint's
20 motion for summary judgment, her opinion does not alter the evidence before the Court at the
21 time of deciding Defendant Mitchell's motion for summary judgment, nor would her opinion
22 have compelled a different result given the evidence. Simply put, since the initiation of this
23 action and through summary judgment, Plaintiff's allegations were belied by the documents he
24 signed.

25      Accordingly, Defendant Mitchell is entitled to recover attorneys' fees. In determining the
26 amount of fees, however, the Court recognizes that 12 U.S.C. § 2607(d)(5) only authorizes fees
27 for causes of action under RESPA. Although Plaintiff argues that the other causes of action did
28 not involve the same core set of facts as the main RESPA claim and should therefore be parsed

out, time spent for factual discovery cannot necessarily be apportioned to one claim or another. Perhaps time spent in performing legal research and writing is amenable to apportionment, and Mr. Huss, counsel for Defendant Mitchell, suggested at the hearing that twenty percent of this time was spent for non-RESPA causes of action.

Mr. Huss, a shareholder with Wild, Carter & Tipton for the past 18 years, requests $17,000 in fees. Declaration of Gary Huss ("Huss Dec."), ¶ 1. He states that he discounted his billing rate by 25 percent and used paralegals when appropriate. Huss Dec., ¶ 4. He also points out that he asked Plaintiff's counsel to dismiss this action for lack of evidence at the outset of the case. Huss Dec., ¶ 6, Ex. B.

Based on the nature of this action, the undisputed facts, and the statute pursuant to which fees are requested, the Court finds that $10,000 is an appropriate award. Accordingly, Defendant Mitchell's motion for attorneys fees is GRANTED in the amount of $10,000. This amount is payable to Defendant Mitchell's counsel within thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **May 16, 2008**            /s/ **Dennis L. Beck**
                                   UNITED STATES MAGISTRATE JUDGE